IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRACY LYNN WARE, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:15-CV-253 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner TRACY LYNN WARE. For the following reasons, petitioner's habeas application should be DENIED.

### I.
### STATEMENT OF THE CASE

On November 18, 2005, petitioner was charged by Complaint in Randall County, Texas, with the offense of delivery of a controlled substance in a drug free zone. *State v. Ware*, No. 17,603. The complainant, Amarillo Police Department Officer William Ottoman, averred "he has good reason to believe and does believe and charge" that on or about November 17, 2005, petitioner:

> [D]id then and there intentionally and knowingly deliver, by making an actual transfer from himself to David Ponce, a controlled substance, namely: cocaine, in

> an amount by aggregate weight, including any adulterants or dilutants, of four (4) grams or more but less than two hundred (200) grams."

The complaint further alleged that petitioner committed the offense "within 1,000 feet of premises owned by a school, to wit: Just for Kids Daycare." On May 30, 2006, petitioner filed a *pro se* motion to dismiss the complaint arguing his right to a speedy trial had been violated by the State because the State had held him in the Randall County Jail for over 180 days without counsel being appointed or an Indictment being returned. On June 1, 2006, the trial court appointed counsel to represent petitioner. On June 13, 2006, petitioner filed a motion seeking to remove his attorney because of an alleged failure to properly pursue the dismissal motion.

On June 14, 2006, petitioner was charged by grand jury Indictment in the 47th Judicial District Court of Randall County with the offense of delivery of a controlled substance in a drug free zone, enhanced. *State v. Ware*, No. 17,603-C. Like the Complaint, the Indictment alleged petitioner "did then and there intentionally and knowingly deliver, by making an actual transfer from himself to David Ponce, a controlled substance, namely: cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of four (4) grams or more but less than two hundred (200) grams" and, further, that petitioner "committed the above offense within 1,000 feet of premises owned by a school, to-wit: Just for Kids Daycare." The Indictment further alleged, in an enhancement paragraph, that petitioner had once before been convicted of a felony, *viz.*, aggravated robbery. Petitioner's *pro se* motion to dismiss was mooted by the return of the Indictment. On January 29, 2007, the Indictment was amended to change the name of the school and to add an additional paragraph alleging petitioner had also been previously convicted of the felony offense of burglary of a habitation for purposes of enhancing punishment.

On direct appeal, the intermediate appellate court noted that, based on the offense

charged in the Indictment, "the State had the burden to prove beyond a reasonable doubt that [petitioner] 1) intentionally or knowingly; 2) delivered by actual transfer to David Ponce; 3) cocaine in an amount more than four grams but less than 200 grams. Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003)." *Ware v. State*, 2008 WL 3863480 (Tex.App.–Amarillo, August 20, 2008). The appellate court further explained:

> At trial, the State proceeded under the theory that [petitioner] was a party to the offense. To convict <u>under the law of parties</u>, the State must have shown that [petitioner] acted with the intent to promote or assist the offense by soliciting, encouraging, directing, aiding or attempting to aid the other person in the commission of the offense. Tex. Pen. Code Ann.§ 7.02(a)(2) (Vernon 2003). Thus, to establish delivery of a controlled substance <u>as a party</u>, the State must have established that 1) another person possessed the contraband with the intent to deliver; and, 2) that the [petitioner], with the intent that the offense be committed, solicited, encouraged, directed, aided, or attempted to aid the other's possession. *Woods v. State*, 998 S.W.2d 633, 636 (Tex.App.–Houston [1st Dist.]1999, pet. ref d). Knowledge of the presence of the cocaine is a required element for conviction both as a principal and as a party to the offense. *Robinson v. State*, 174 S.W.3d 320, 325 (Tex.App.– Houston [1st Dist.] 2005, pet. ref'd).
>
> At trial, the State presented evidence through witness testimony, video and audio surveillance, photographs, and tangible evidence, that on November 17, 2005, the date in question, Officer David Ponce, a narcotics agent, who averred that he had purchased narcotics previously from Glen Hooper, had arranged with Hooper by telephone, in a "buy-bust" operation, to purchase $4,000 worth of crack cocaine. The surveillance tape showed [petitioner] sitting in a red Monte Carlo automobile in a parking lot at an apartment complex which was later discovered to be [petitioner's] residence. [Petitioner] was approached by Hooper, then carrying a small child, and a brief conversation ensued. Hooper then took the child to some unidentified location and returned to the car which was operated by [petitioner]. [Petitioner] and Hooper left the apartment complex and then later returned to the parking lot. Upon their return, Hooper got out of the automobile, and got into a vehicle driven by Officer Ponce. As he did so, there was testimony that Officer Ponce looked over to the red Monte Carlo, and he and [petitioner] waved and greeted each other.
>
> While Hooper was in the officer's car, the officer paid money to Hooper and received some crack cocaine. At that time, another law enforcement agent gave a signal and an arrest team moved in and arrested both [petitioner] and Hooper. The evidence established that the cocaine received by Officer Ponce was in an amount of at least four but less than 200 grams. It was also established that the transaction took place within 1000 feet of a premises operated by a school.

In testimony regarding the relationship between [petitioner] and Hooper, the State presented the testimony of Carol McKnight, [petitioner's] ex-girlfriend. Ms. McKnight averred that [petitioner] lived with her at the apartment complex where the transaction took place. She also testified that Hooper stayed overnight at the apartment she shared with [petitioner]. She said that neither [petitioner] nor Hooper had a job while she knew them and that Hooper obtained his income from selling crack cocaine. She also averred that [petitioner] and Hooper had discussions about selling crack cocaine and that she witnessed conversations between [petitioner] and Hooper concerning a sale that would take place in November 2005 to Officer Ponce (known as "Big Dave"), and that Hooper told [petitioner] that the sale was a "big lick" and that when the sale was complete, he, Hooper, would "half" the profit. She also testified that in correspondence with [petitioner] after his arrest, [petitioner] admitted his knowledge of the deal but said that he couldn't be convicted because all he did was drive the car and that he was going to pretend that he didn't know anything about the transaction.

Hooper testified and denied that [petitioner] had anything to do with the sale. Officer Vernon Wilson testified that he was working as an undercover narcotics agent at the time in question and he was standing next to [petitioner] while he was handcuffed and that [petitioner] did not personally deliver any drugs and he did not see [petitioner] handling either the drugs or money involved in the transaction.

Summarized, the testimony in the case was conflicting as to [petitioner's] participation in the drug transaction. The State's evidence, if accepted by the jury, was sufficient to show that [petitioner] resided at the apartment complex where the transaction took place. It was undisputed that Hooper was involved in a previously set up drug purchase and delivery. The State presented testimony that Hooper had been involved in previous drug transactions, that [petitioner] had talked to Hooper about the drug transaction before it took place and was to receive part of the purchase price of the drugs, that [petitioner] was the driver of the vehicle in which the drugs were transported, that he drove to and remained at the scene prior to and during the transaction, and that he remained in the car with the engine running while Hooper delivered the drugs to Officer Ponce. The State also produced Ms. McKnight's averment that [petitioner] had admitted his knowledge of the transaction.

*Id.* (emphasis added). In the Charge of the Court to the jury, the jury was instructed:

> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
>
> A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.
>
> Mere presence alone will not constitute one a party to an offense.

The jury was further instructed:

> Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that on or about the 17th day of November, 2005, in the County of Randall, and State of Texas, GLENN WAYNE HOOPER did then and there intentionally or knowingly deliver, by making an actual transfer from himself to David Ponce, a controlled substance, namely: cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of four (4) grams or more but less than two hundred (200) grams, and if you further believe from the evidence beyond a reasonable doubt that on said date in said County and State, the defendant, TRACY LYNN WARE, as a party as that term is hereinbefore defined, acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid the said GLENN WAYNE HOOPER in the foregoing action, you will find the defendant, TRACY LYNN WARE, guilty of the offense of Delivery of a Controlled Substance and so say by your verdict . . . .

On February 22, 2007, a jury found petitioner guilty of the offense of Delivery of a Controlled Substance, as alleged in the Indictment, and that the offense was committed in a drug free zone. After petitioner pled true to the punishment enhancement paragraph alleging the two (2) prior felony convictions, the jury assessed petitioner's punishment at 45 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division.

Petitioner, through new appointed counsel, filed a direct appeal of his delivery conviction asserting (1) the evidence was legally and factually insufficient to support the conviction; (2) that the trial court erred by failing to hold a hearing on and by overruling petitioner's *pro se* motion to dismiss the complaint for a violation of article 32.01 of the Texas Code of Criminal Procedure; and (3) petitioner was denied effective assistance of trial counsel because counsel failed to pursue the *pro se* motion to dismiss for violations of article 32.01. On August 20, 2008, the Court of Appeals for the Seventh District of Texas, Amarillo Division, affirmed the judgment of the trial court. *Ware v. State*, No. 07-07-0076-CR. The appellate court found petitioner received effective trial representation and that the evidence was legally and factually sufficient to support petitioner's conviction. Reiterating that the jury, as the factfinder, was the

exclusive judge of the credibility of the witnesses and the weight to be given their testimony, the appellate court held the record clearly showed the jury acted well within its province in concluding petitioner was guilty of the charge against him. Petitioner did not seek review of the intermediate appellate court's decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On March 17, 2015, petitioner placed in the prison mail system[1] a state application for habeas corpus relief alleging (1) Officer Ottoson committed fraud and/or made a false statement in the Complaint; (2) that Officer Ottoson committed fraud on the grand jury because the Indictment was based upon this false statement; and (3) that petitioner was denied due process because he was brought to trial on this false statement. Petitioner did not specifically identify what statement in the Complaint or Indictment was false or constituted fraud, however, it appears petitioner was complaining of the allegation in the charging instruments that he delivered the controlled substance by making an actual transfer from himself to David Ponce, rather than alleging he acted as a party to the delivery.

In its Answer, the State argued petitioner's habeas application should be denied because his claims were essentially sufficiency claims which are not cognizable on habeas corpus review. Alternatively, the State argued petitioner's grounds were waived because his claims had already been raised and rejected on direct appeal. The state trial court did not enter findings of fact or conclusions of law. On May 6, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Ware*, No. 83,142-01.

On August 12, 2015, petitioner purportedly placed the instant federal application for

---

[1] This date is determined based on unit mail logs provided by respondent.

habeas corpus in the prison mailing system. Petitioner's application was received by this Court on August 17, 2015, at which time it was file-stamped and a federal habeas corpus proceeding opened.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. The Complaint charging petitioner with delivery of a controlled substance by actual transfer alleges a false accusation;

2. The prosecutor presented this false accusation to the Grand Jury, knowing such accusation was false, to obtain an Indictment charging petitioner with the delivery offense; and

3. Petitioner was denied the right of confrontation because Officer Ottoman was not called as a witness at trial.

As in his state habeas application, petitioner does not specifically identify what statement in the Complaint or Indictment was false or constituted fraud. Again, it appears, however, that petitioner is complaining of the allegation in the charging instruments that he delivered the controlled substance by making an actual transfer from himself to David Ponce, rather than alleging he acted as a party to the delivery made between co-defendant Hooper and Officer Ponce.

## III.
## PRELIMINARY PLEADINGS

On December 15, 2015, respondent filed a Preliminary Response on Limitations asserting petitioner's habeas application should be dismissed as time barred. In her response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations

in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application.

On January 4, 2016, petitioner filed a reply to respondent's preliminary response wherein he appears to assert the alleged "fraud" or false statement in the charging instruments, to wit: that petitioner delivered the controlled substance "by making an actual transfer," allows petitioner to pursue his claims on the merits notwithstanding the time bar. Petitioner also asserts an actual innocence exception to the limitations bar.

## IV.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on February 22, 2007. Petitioner's conviction was affirmed on direct appeal by the Seventh Court of Appeals of Texas on **August 20, 2008**. Petitioner did not file a petition for discretionary review.

2. Petitioner's judgment of conviction became final on **September 19, 2008**, when the 30-day period to file a petition for discretionary review expired. Tex. R. App. P. 68.2(a); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **September 19, 2009**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application, filed March 17, 2015 and denied without written order on May 6, 2015, was filed <u>after</u> the expiration of the limitation period and did <u>not</u> statutorily toll the 1-year statute of limitations.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **August 12, 2015** when it was purportedly placed in the prison mailing system, was filed after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not demonstrated any fraud or false statements made in the charging instruments establish an exception to the time bar (*see* discussion below regarding Fraud/False Statement).

12. Petitioner has not demonstrated he is actually innocent of the offense of which he was convicted to establish an exception to the time bar (*see* discussion below regarding Actual Innocence).

Therefore, for the reasons set forth by respondent and for the reasons below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be DENIED as time-barred.

## VI.
## FRAUD/ FALSE STATEMENT

Petitioner alleges the Complaint in his case was based on a false statement, *viz.*, that he delivered a controlled substance by actual transfer rather than acting as a party to the actual delivery; that the prosecutor knowingly relied on this false statement to obtain the Indictment; and that petitioner was deprived of the right to confront the police officer who made the false statement. Acknowledging his habeas petition is untimely, however, petitioner then appears to argue this false accusation amounts to a showing of "fraud" sufficient to excuse the untimeliness of his petition.

To the extent, if any, petitioner is arguing his claims should be considered on the merits because he has made a showing of "fraud" and that such "fraud" creates an exception or a gateway to hear a time-barred claim, this Court, as well as respondent, is unaware of any general fraud exception to the AEDPA's 1-year limitation period. In any event, even if such an exception or gateway exists, it would, under the facts of this case, be covered under the "actual innocence" exception. Petitioner has not demonstrated any fraud or deceit prevented him from timely pursuing his legal remedies. Petitioner's claims were discoverable when he was charged and convicted and were not concealed by some "fraud." In effect, petitioner is simply complaining of language in the Indictment, of which he was fully aware, that he finds objectionable. Petitioner has failed to argue, much less demonstrate, that a fraud somehow prevented him from timely filing his federal petition. Petitioner's assertion that the time bar should be excused for a showing of "fraud" is without merit.

## VII.
## ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. " *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting

reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Although petitioner appears to argue he is actually innocent of the offense of delivery of a controlled substance and, therefore, is excused from any time bar, petitioner's argument goes to the legal and factual sufficiency of the evidence. As set forth above, these issues were addressed by the state appellate court who determined the evidence showed petitioner was a party to the delivery of a controlled substance offense. Indeed, the jury charge instructed the jury on the law of parties. Petitioner has not demonstrated he was actually innocent as a party to the delivery offense. Moreover, petitioner has not presented "new, reliable evidence" that was not presented in the underlying proceedings, or shown that it was more likely than not that, in light of the *new* evidence, no fact finder, acting reasonably, would have found petitioner guilty. Petitioner has not demonstrated he is actually innocent of the charged offense of delivery of a controlled substance to overcome any time bar for filing a federal habeas corpus petition.

## VIII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Response on Limitations filed December 15, 2015 [Document #12], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner TRACY LYNN WARE be DENIED as time-barred.

# IX.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _26th_ day of September 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A part's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).